BENJAMIN B. WAGNER
United States Attorney
ELANA S. LANDAU
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

THOMAS E. PEREZ
Assistant Attorney General
CHIRAAG BAINS
Trial Attorney
U.S. Department of Justice
Civil Rights Division, Criminal Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 514-5259

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:11-MJ-43 GSA |
| ) | |
| Plaintiff, ) | PLEA AGREEMENT |
| ) | |
| v. ) | Date: September 21, 2011 |
| ) | Time: 1:30p.m. |
| DONNY EUGENE MOWER ) | Honorable Gary S. Austin |
| ) | Courtroom Ten |
| Defendant. ) | |
| ) | |

   1.   This document constitutes the binding plea agreement (Agreement) between Donny Eugene Mower (defendant), and the United States Department of Justice (DOJ), United States Attorney's Office for the Eastern District of California, and the Civil Rights Division, Criminal Section, in the above-captioned case. This Agreement is limited to the United States Department of Justice and

1

cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities. This plea agreement is set forth under Federal Rule of Criminal Procedure 11(c)(1)(A).

I. CHARGES

2. Defendant agrees to waive his right to be indicted by a grand jury and plead guilty to an information that charges him with one felony count of malicious damage to property by means of fire or an explosive, in violation of 18 U.S.C. §844(i), one misdemeanor count of damaging religious property, in violation of 18 U.S.C. §247(c), and one misdemeanor count of damaging the property of a reproductive health services facility, in violation of 18 U.S.C. §248(a)(3).

II. ELEMENTS OF THE OFFENSES

3. In order for the defendant to be found guilty of malicious damage to property by means of fire or an explosive, in violation of 18 U.S.C. §844(i), as alleged in Count One of the Information, the government would have to prove the following:

    (a) the defendant damaged or destroyed, or attempted to damage or destroy, a building, vehicle, or other real or personal property;

    (b) the defendant did so maliciously;

    (c) the defendant did so by means of fire or an explosive; and

    (d) the building, vehicle, or personal or real property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce.

4. In order for the defendant to be found guilty of damaging religious property, in violation of 18 U.S.C. §247(c), as alleged in

Count Two of the Information, the government would have to prove the following:

    (a) the defendant defaced, damaged or destroyed religious real property, or attempted to do so;

    (b) the defendant did so intentionally;

    (c) the defendant did so because of the race, color, or ethnic characteristics of any individual associated with that religious property.

5. In order for the defendant to be found guilty of damaging the property of a reproductive health services facility, in violation of 18 U.S.C. §248(a)(3), as charged in Count Three of the Information, the government would have to prove the following:

    (a) the defendant damaged or destroyed, or attempted to damage or destroy, the property of a facility;

    (b) the defendant did so intentionally;

    (c) the defendant did so because such facility provided reproductive health services.

### III. PENALTIES AND RESTITUTION

6. The maximum statutory sentence for Count One of the Information, a violation of 18 U.S.C. §844(i), is as follows:

    (a) a mandatory minimum of 5 years imprisonment up to 20 years imprisonment;

    (b) a fine of up to $250,000;

    (c) not more than 3 years of supervised release;

    (d) a mandatory special assessment of $100; and

    (e) restitution.

7. The maximum statutory sentence for Count Two of the Information, a violation of 18 U.S.C. §247(c) is as follows:

3

   (a) a term of imprisonment of not more than one year;
   (b) a fine of up to $100,000;
   (c) not more than 1 year of supervised release;
   (d) a mandatory special assessment of $25; and
   (e) restitution.

  8. The maximum statutory sentence for Count Three of the Information, a violation of 18 U.S.C. §248(a)(3) is as follows:
   (a) a term of imprisonment of not more than one year;
   (b) a fine of up to $100,000;
   (c) not more than 1 year of supervised release
   (d) a mandatory special assessment of $25; and
   (e) restitution.

9. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that, if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

  10. Defendant understands that the Court may issue a Restitution Order requiring the defendant to make restitution for the losses that victims have suffered as a result of the crimes to which the defendant is pleading guilty. Defendant acknowledges that such an order may require a lump sum payment, payments at intervals, the replacement of property and/or services that the defendant must provide to the victims.

  11. Defendant further understands that the convictions in this case may subject defendant to various collateral consequences,

4

including but not limited to revocation of probation, parole, or supervised release in any other case, and suspension or revocation of any professional license. Defendant understands that an unanticipated collateral consequence will not serve as a ground to withdraw his guilty plea.

## IV. FACTUAL BASIS

12. Defendant and DOJ agree to the statement of facts provided below. The statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in Section VI below. This factual basis is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to the conduct. Defendant agrees that all of the facts set forth in the following statement are true and correct, and that these facts will be offered to the Court in support of defendant's guilty plea. Defendant further concedes that, if this case proceeded to trial, the government could prove these facts to a jury beyond a reasonable doubt:

> On or about August 20, 2010, defendant placed a sign in front of the Madera Planned Parenthood clinic, located in the City of Madera, California, State and Eastern District of California, stating, "Murdering children? That is your choice? Reap your reward. ANB". On or about August 30, 2010, defendant placed a sign at the clinic entrance stating, "Untitled. ANB is AMERICAN nationalist, not white nationalist, black nationalist, or any other racist motivated group. The signs posted, the things to come, and yes even the brick are not hate motivated, but rather messages. The [sic] are the voices of us who refuse to allow America to continue to be torn down brick by brick. Notice also, that the mosque was not the only target of choice. We are here to revive American pride, which has been dampened by a lot of things. The rise of Islam in America, despite 9/11; the sickening number of murdered children since 1973, hidden behind the guise of 'abortion' or 'choice'; the abomination of homosexuality being rewarded, while those who chose natural relationships are

bigots. These and so many more are are [sic] the hate crimes, they hit America with a sucker punch… isn't it time that someone hit back?"

On or about September 2, 2010, defendant threw an incendiary device through a window of the Madera Planned Parenthood clinic. As a result, the clinic sustained fire and smoke damage estimated at a loss of $26,566, and was forced to cease operating for two days. Defendant also left a sign at the Madera Planned Parenthood clinic entrance stating, "Murder our Children? We have a 'choice' too. Let's see if you can burn just as well as your victims. ANB".

Specifically, during the evening of September 1, 2010 and early morning hours of September 2, 2010, the defendant constructed a Molotov cocktail from cloth that he had soaked in diesel fuel and stuffed into a beer bottle. Defendant then drove to the Madera Planned Parenthood clinic, lit the Molotov cocktail, threw it through a ground floor window, and drove home. Defendant threw the Molotov cocktail at the Madera Planned Parenthood clinic and left the signs at the clinic because he knew it provided reproductive health services. The Madera Planned Parenthood clinic and its contents are used in and affect interstate commerce.

Also, on or about August 18, 2010, defendant placed a sign in front of Masjid Madera (Madera Islamic Center), a mosque located in the City of Madera, California, State and Eastern District of California, which read, "No temple for the god of terrorism at ground zero. ANB". Two days later, on August 20, 2010, the defendant returned to the Masjid Madera and threw a brick at the front of the center, damaging the building's stucco. On August 24, 2010, the defendant placed two additional signs in front of the Masjid Madera, which read, "Wake up America, the enemy is here ANB" and "American Nationalist Brotherhood." Defendant admits that he threw the brick at the Masjid Madera because of the race, color, or ethnic characteristics of the individuals associated with that particular religious property.

Defendant admits that he was "ANB" (American Nationalist Brotherhood) and that he was acting alone.

V. WAIVER OF RIGHTS

13. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to be represented by an attorney at all stages of the proceedings, and would have a right to a public and speedy trial.

(b) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the court at no expense to him.

  (e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

14. By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that could be filed.

15. By pleading guilty, the defendant waives any right to seek attorney's fees and/or costs under the Hyde Amendment, and the defendant acknowledges that the government's position in this prosecution is not vexatious, frivolous, or undertaken in bad faith.

16. Should the defendant withdraw from this agreement or commit or attempt to commit any additional federal, state, or local crimes, or should it be established that the defendant has intentionally provided materially false, incomplete, or misleading testimony or information or otherwise violated any provision of this agreement, the government will be released from its obligation under this agreement, but the defendant may not withdraw the guilty plea entered pursuant to this agreement. In such case, the defendant may thereafter be prosecuted for any federal criminal violation of which the government has knowledge, including, but not limited to, perjury and obstruction of justice. Furthermore, if this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to file any and all charges which were not filed because of this agreement.

17. By signing this agreement, defendant expressly and voluntarily waives the protection of Federal Rule of Evidence 410. Thus, in the event that he violates the plea agreement or, at any

time after signing this agreement, withdraws his offer to plead guilty, any statements he makes in conjunction with, or following, this plea agreement — including the statements contained in the Factual Basis, any statements he makes to law enforcement that are not covered by a proffer agreement, any re-arraignment colloquies related to this case, any testimony he gives before a grand jury or another tribunal, and any leads from such statements, testimony, or colloquies — shall be admissible for all purposes against him in any and all criminal proceedings. By signing this agreement, the defendant admits that the statements listed above will be admissible against him for any and all purposes if, for any reason, he fails to plead guilty, his plea of guilty is voided, or he withdraws his guilty plea.

18. Defendant understands that by pleading guilty he is waiving all of the rights set forth above and acknowledges that defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

VI. SENTENCING FACTORS AND STIPULATIONS

19. Defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005)), and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the

guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

20. The terms "depart", "adjust", "specific offense characteristics", and all variants thereof shall have the same meaning as in the Sentencing Guidelines. In contrast to a Guidelines-based "departure", the term "variance" means any decision by the Court under Booker, on whatever grounds, to impose a sentence that is above or below the determined Guideline sentencing range. "Total adjusted offense level" means the offense level calculated by the Court based on consideration of all special offense characteristics and any adjustments, but before considering whether to grant any departure available under the Guidelines. "Final offense level" means the offense level calculated by the Court after applying any Guideline-based departure, before exercising its discretion to vary from the determined Guideline sentencing range.

21. Defendant and DOJ agree to the applicability of the following Sentencing Guideline factors and computations, based on the November 1, 2010 Sentencing Commission Guidelines Manual:

Count One:

Base Offense Level [U.S.S.G. §2K1.4(a)(1)(B)]                24

///
///

<u>Count Two</u>:

| | |
|---|---|
| Base Offense Level [U.S.S.G. §2H1.1(a)(3)] | 10 |
| Adjustment for Hate Crime Motivation [3A1.1(a)] | +3 |
| Total Adjusted Offense Level for Count Two | 13 |

<u>Count Three</u>:

| | |
|---|---|
| Base Offense Level [2H1.1(a)(1); 2K1.4(a)(1)(B)] | 24 |

<u>Grouping</u>:

| | |
|---|---|
| No grouping for 2H1.1 offenses [U.S.S.G. §3D1.2(d)] | 24 |
| Number of Units [U.S.S.G. §3D1.4] | +2 |
| TOTAL ADJUSTED OFFENSE LEVEL | 26 |
| Acceptance of Responsibility [U.S.S.G. §3E1.1] | -3 |
| FINAL OFFENSE LEVEL | 23 |

22.  DOJ agrees not to argue for application of any other specific offense characteristic or adjustment. DOJ further agrees not to argue for any upward departure from Guideline calculations above.

23.  The parties anticipate that the defendant will be classified with a Criminal History Category of I.

24.  The defendant understands that the Court will determine the facts and calculations relevant to sentencing. Both defendant and DOJ are free to: (a) supplement the facts to which all parties stipulated in this Agreement by supplying relevant information to the United States Probation Office and the Court; and (b) correct any and all misstatements of fact relating to the calculation of the sentence.

25.  Defendant understands that the Sentencing Guidelines do not render inapplicable or otherwise affect the applicable statutory mandatory minimum discussed in paragraph 6 of this Agreement.

VII. <u>DEFENDANT'S OBLIGATIONS</u>

26. The defendant agrees to the following:

(a) Defendant agrees that this plea agreement shall be filed with the court and become a part of the record in the case.

(b) Defendant agrees to plead guilty to Counts One, Two and Three of the Information. The defendant agrees that he is in fact guilty of the charges and that the facts set forth in the Factual Basis are accurate and sufficient to establish his guilt.

(c) Defendant agrees that, at the entry of plea proceeding, he will sign a written waiver of prosecution by indictment and consent to proceed by information rather than by indictment.

(d) The defendant understands and agrees that the Court is not a party to this agreement, that sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he

will receive.

(e) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence (or the manner in which that sentence was determined) which is within the statutory maximum for the crime on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his conviction, sentence or the manner in which his sentence was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.

(f) The defendant agrees to waive all rights under the "Hyde Amendment", Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

VIII. <u>GOVERNMENT'S OBLIGATIONS</u>

27. If defendant complies fully with all of his obligations under this Agreement, DOJ agrees to the following:

(a) The government will recommend that the defendant receive a three-level reduction in the computation of his offense

13

        level due to his acceptance of responsibility, provided that the defendant qualifies for such a reduction in his interview with the probation officer.

    (b)    The government agrees to recommend that the defendant's initial term of imprisonment be five (5) years, which corresponds with the statutory mandatory minimum sentence for Count One.

IX.    <u>QUESTIONS BY THE COURT</u>

    28.    Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about any of the offenses to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

X.    <u>COURT AND UNITED STATES PROBATION OFFICE NOT PARTIES</u>

    29.    Defendant understands that neither the Court nor the United States Probation Office are a party to this agreement. Defendant understands that the United States Probation Office will conduct an independent investigation of defendant's activities and his background. It will then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation. The Court is then free to impose a sentence up to the maximum penalties previously set forth. Also, should the court fail to follow any or all of the government's sentencing recommendations, the defendant will not be allowed to withdraw his plea.

XI.    <u>SCOPE OF AGREEMENT</u>

30. This Agreement applies and relates only to the disposition of the pending information in the above-referenced criminal case and the crime expressly charged therein. This Agreement has no effect on any offenses not charged in the pending information. This Agreement

shall not preclude or have any other effect on any orders that the Court may make collateral to the matter of sentencing or on any other separate proceedings against defendant not mentioned expressly herein, including any past, present, or future forfeiture actions.

## XII. ENTIRE AGREEMENT

31. This agreement sets forth the entire agreement between defendant and DOJ. Except as set forth herein, there are no promises, understandings, or agreements, written or oral, express or implied, between DOJ and defendant or defendant's counsel. This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

## XIII. APPROVALS AND SIGNATURES

32. I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

DATED: 9/19/11              *Melody Walcott*
                            MELODY WALCOTT
                            Attorney for Defendant

33. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me

in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

DATED: 9/19/2011

DONNY EUGENE MOWER
Defendant

34. I accept and agree to this plea agreement on behalf of the government.

DATED: 9/21/2011

BENJAMIN B. WAGNER
United States Attorney
Eastern District of California

THOMAS E. PEREZ
Assistant Attorney General
U.S. Department of Justice
Civil Rights Division

By: 
ELANA S. LANDAU
Assistant U.S. Attorney

By: 
CHIRAAG BAINS
Trial Attorney

16