DANIEL J. BRODERICK, #89424
Federal Defender
MELODY M. WALCOTT, Bar #219930
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorney for Defendant
DONNY MOWER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 1:11-cr-00308 LJO |
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | |
| DONNY MOWER, | Date: January 9, 2012<br>Time: 1:00 P.M. |
| Defendant. | Judge: Hon. Lawrence J. O'Neill |

**SENTENCING MEMORANDUM**

*Background*

On September 21, 2011, Donny Mower was charged by information with arson, in violation of 18 U.S.C. § 844(i); damaging religious property, in violation of 18 U.S.C. § 247(c); and damaging a reproductive health facility, in violation of 18 U.S.C. § 248(a)(3). He entered a guilty plea to the charges on October 7, 2011.

The sequence of events in this case is fully described in the PSR. Counsel highlights relevant portions herein.

Discovery revealed that Mr. Mower described himself as an organization called "ANB" or "American Nationalist Brotherhood". Cardboard signs were placed around the Madera community, at stop signs, churches and an Islamic Center and Planned Parenthood, with messages such as : "No temple

for the god of terrorism at ground zero. ANB"; "Wake up America, the enemy is here ANB"; "Murdering children? That is your choice? Reap your reward. ANB." At the Madera County Sheriff's Office, a sign was placed that seemed designed to explain ANB and the purpose of the signs. Pre-Sentence Report (hereinafter PSR), pgh. 7, p. 4.

On August 20, 2010, a brick was thrown at the Masjid Madera (Madera Islamic Center). The building sustained damage, although minor. PSR, pgh. 20, p. 8. On September 2, 2010, a molotov cocktail was thrown at the Madera Planned Parenthood Clinic. The building sustained damage and the business had to be closed for two days. PSR, pghs.9, 20; pps. 4-5, 8.

FBI investigation revealed that Mr. Mower was the individual responsible for the signs. He cooperated fully with the FBI, attending interviews and answering questions on January 12, 2011, January 19, 2011, and January 21, 2011. He was arrested on March 9, 2011.

Mr. Mower was raised in Oregon. He never knew his natural father, but was adopted and raised by his step-father. The step-father was an alcoholic and a meth user and was physically and emotionally abusive toward Mr. Mower. Mr. Mower left home and joined the Army National Guard, but was "kicked out" of boot camp. When he returned home to Madera, his relationship with his stepfather improved, but they instead began using meth together. PSR, pghs. 54- 56, 59-60; pps. 13- 15.

Mr. Mower moved to Minnesota. There, he married a childhood sweetheart. They had three children. The marriage ended in divorce in 1998. Mr. Mower paid child support for the three children. His oldest son spent the summer with him two years ago. PSR, pgh. 59, pp. 14-15.

Mr. Mower married a second time. He is separated from his current wife. They also have three children. PSR, pgh. 60, p. 15. His family has remained supportive of him despite their feelings about his actions in this case. Family members have been in touch with counsel and plan to attend the sentencing in this case.

While in custody, Mr. Mower was evaluated by Dr. Richard Blak, a psychologist. His findings are attached to the PSR. The PSR accurately describes the findings and conclusions reached by Dr. Blak. PSR, pghs. 64-65, p. 16. Mr. Mower is amenable to metal health treatment.

///

///

*Argument*

Section 3553(a) of Title 18 authorizes a sentencing court to impose a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). Factors that the sentencing court is to consider include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to (A) reflect the seriousness of the offense, respect for the law, and provide just punishment; (B) afford adequate deterrence to criminal conduct; (C) protect the public from any further crimes; (D) provide the defendant with educational, vocational, medical care or other correctional treatment; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparity; and (7) the need to provide restitution to any offense victims. 18 U.S.C. § 3553(a). The sentence must be reasonable, and the Guidelines are only one factor that the Court must consider. See *United States v. Carty*, 520 F. 3d 984, 991 (9th Cir. 2008), citing *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007).

Admittedly, Mr. Mower's offenses in this case are such that serious damage and injury was possible. The damage to the Planned Parenthood Clinic was substantial. The damage to Masjid Madera was minor. Both, however, resulted in concern and fears regarding personal safety by members of the Masjid Madera and staff at the Planned Parenthood Clinic.

Mr. Mower, however, does not present the face of a violent person. His life began as a struggle, with an abusive stepfather. His foray into adult life resulted in drug and alcohol abuse. He married, had three children and seemed to settle in life for a time in Minnesota, then divorced and moved back home to Madera.

His mental and emotional problems, no doubt in part exacerbated by alcohol and meth use, again began to take root. Mr. Mower raised a family and worked but still struggled with alcohol and then with feelings of anger and depression about what he viewed as America's lethargy after 9/11. He has never tried to blame his presence in this Court today on his family or anyone else. He has always sought to be honest and forthright about what he did and its effect on those in his family and his community.

///

///

It is clear from the evaluation of Dr. Blak that some mental health treatment should be provided. Mr. Mower also recognizes his need for mental heath treatment and requests the Court recommend some treatment while he is incarcerated.

Mr. Mower is exposed to a 60 month mandatory minimum. The agreement between the parties as to offense level and adjustments brings the Guideline calculation to offense level 23, criminal history category I, 46 to 57 months. Mr. Mower asks the Court to impose the recommended mandatory minimum sentence, taking into consideration the facts of the case, the psychological report and the mitigating factors in this case.

## *Conclusion*

For the reasons stated above, the Court should consider the recommended factors under § 3553(a) of Title 18 and impose the recommended sentence.

Dated:  December 29, 2011

Respectfully submitted,

DANIEL J. BRODERICK
Federal Defender


 /s/  Melody M. Walcott
MELODY M. WALCOTT
Assistant Federal Defender
Attorney for Defendant
DONNY MOWER